UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

GARRETT B. TUPPER JR.,

Plaintiff,

- against -

NYU LANGONE HOSPITAL LONG ISLAND, JOHN CALDERON, SECURITY GUARD ALSTON, JOHN DOES 1-6, COUNTY OF NASSAU, OFFICER JOSEPH MILLER, and OFFICER CHERNOFF,

Defendants.
-----------------------------------------------------------------X

**REPORT AND RECOMMENDATION**
24-CV-6306(GRB)(SIL)

**STEVEN I. LOCKE, United States Magistrate Judge:**

Presently before the Court in this civil rights and state-law tort action, on referral from the Honorable Gary R. Brown for Report and Recommendation, is Defendants' NYU Langone Hospital Long Island ("NYU Langone"),[1] John Calderon ("Calderon"), and Security Guard Alston ("Alston" and, collectively, the "Moving Defendants") motion to dismiss *pro se* Plaintiff Garrett B. Tupper's ("Plaintiff" or "Tupper") Amended Complaint ("Am. Compl."), Docket Entry ("DE") [31], pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). DE [46]. For the reasons set forth herein, the Court respectfully recommends that the Moving Defendants' motion be granted in its entirety.[2]

---

[1] In light of a revised Summons issued on April 15, 2026, the Clerk of the Court terminated NYU Langone as a Defendant. DE [55].

[2] Defendants seek leave to file an amended memorandum of law. *See* DE [49]. The unopposed motion is granted, as Defendants do not raise additional substantive arguments and, instead, include the Defendants identified in the Amended Complaint.

# I. BACKGROUND

## A. **Relevant Facts**[3]

NYU Langone is a medical institution located in Mineola, New York. *See* Am. Compl. ¶ 2. Defendants Calderon and Alston, as well as the unnamed Doe Defendants, are security guards employed by NYU Langone. *Id.* at ¶¶ 3-5. Plaintiff alleges that NYU Langone "had the responsibility and obligation to use reasonable care in hiring, training and supervising its security personnel . . . ." *Id.* at ¶ 2.

On March 31, 2024, Tupper dropped his wife and daughter off at the NYU Langone emergency room. *Id.* at ¶ 10. Upon Plaintiff's arrival, Calderon "approached [his] vehicle in an aggressive and hostile manner" and instructed Tupper "to move his vehicle from the drop-off area." *Id.* at ¶ 11. Plaintiff requested that his wife and daughter be allowed to exit the vehicle, but Calderon berated Plaintiff and his family in a loud and confrontational manner, which caused Tupper "undue stress and anxiety. . . ." *Id.* at ¶ 12. Once Tupper's wife and daughter exited the car, he moved his vehicle out of the drop-off area. *Id.* at ¶ 13. Tupper parked his car and attempted to enter the hospital using a different entrance to avoid Calderon, but was informed that he had to enter through the emergency room, where Calderon was stationed, which he did. *Id.* at ¶¶ 13-14,

---

[3] The facts are drawn from the Amended Complaint and are accepted as true for purposes of this Report and Recommendation. *See Loeb v. Cnty. of Suffolk*, No. 22-CV-6410(HG), 2023 WL 4163117, at *2 (E.D.N.Y. June 23, 2023) ("In resolving a motion to dismiss, 'consideration is limited to the factual allegations in plaintiffs' . . . complaint, which are accepted as true.'") (quoting *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993)).

When Plaintiff entered, he was holding his phone to document any interaction with Calderon. *Id.* at ¶ 15. Tupper alleges that Calderon then "attacked [him] without provocation" and "violently grabb[ed] [his] arm as Plaintiff attempted to document the identity of Calderon by taking a picture." *Id.* He asserts that, during the alleged altercation, he informed Security Guard Alston, who was also present, of a "lung condition and pleaded not to be taken to the ground." *Id.* at ¶ 16. Tupper does not elaborate on the nature of his "lung condition" or that he requested and was denied any accommodation.

Plaintiff pushed Calderon away and left the building. *Id.* at ¶¶ 15-17. As Tupper departed, Alston and "four to six unidentified security personnel . . . pursued and unlawfully detained [Plaintiff]." *Id.* at ¶ 16. He alleges that Alston "attempted to push him to the floor." *Id.* Eventually, the other unnamed guards "told Alston to release Plaintiff . . . and go inside." *Id.* at ¶ 17. Tupper asserts that, "[f]ollowing the involvement of hospital security, officers from the Nassau County Police Department, including Officer Miller and Officer Chernoff, arrived at the scene." *Id.* at ¶ 21. Although Plaintiff does not state who contacted the Nassau County Police Department ("NCPD"), he alleges that he was detained for approximately one hour and that the NCPD "threatened to arrest him." *Id.* at ¶¶ 21-22. Tupper does not allege whether he was charged with a crime or, if so, the disposition or status of any related criminal proceeding.

### B. Procedural Background

By way of an August 15, 2021 Complaint filed in the Supreme Court of the State of New York, Nassau County, Plaintiff commenced this action against the Moving Defendants, asserting numerous causes of action, including violations of:

1. His Constitutional rights arising under 42 U.S.C. § 1983 ("Section 1983") for: (a) excessive force; (b) false imprisonment; (c) equal protection; and (d) conspiracy;

2. The Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12191 *et seq.*, for failure to accommodate an alleged disability;

3. Title VI of the Civil Rights Act of 1964 ("Title VI"), 42 U.S.C. § 2000d *et seq.*, for race discrimination;

4. Federal and state criminal statutes, including: (a) 18 U.S.C. § 249 (the "Federal Hate Crimes Act"); (b) N.Y. Penal Law § 485.05; (c) N.Y. Penal Law § 195.05; and (d) N.Y. Penal Law § 120.06;

5. The New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.*, for disability discrimination; and

6. New York common law for: (a) assault; (b) battery; (c) false imprisonment; (d) intentional infliction of emotional distress; (e) negligent infliction of emotional distress; (f) negligence; (g) negligent hiring/supervision; (h) defamation; and (i) "threat of future harm."

DE [1-1].[4]

On September 9, 2024, the Moving Defendants removed the action to this Court pursuant to 28 U.S.C. § 1441. DE [1]. In a June 12, 2025 Report and Recommendation (the "Initial R&R"), this Court recommended that the Moving

---

[4] The remaining two causes of action sought municipal liability pursuant to *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658. 98 S. Ct. 2018 (1978) and were duplicative of the separately alleged state law causes of action. *See* Compl. ¶¶ 84-90.

Defendants' motion to dismiss be granted, that the Complaint be dismissed without prejudice, and that Plaintiff be granted leave to file an amended complaint. DE [26]. Judge Brown adopted the Initial R&R and granted Tupper leave to file an amended complaint. *See* Elec, Order dated July 28, 2025. On August 26, 2025, Plaintiff filed the Amended Complaint, which is the operative pleading in this action. DE [31]. In the Amended Complaint, Plaintiff withdrew his claim arising under Title VI and added as defendants the County of Nassau, Officer Joseph Miller, and Officer Chernoff (the "County Defendants"). *Id.* The allegations in the Amended Complaint regarding the Moving Defendants are substantially similar to, and equally deficient as, Plaintiff's allegations in the original Complaint.

On December 12, 2025, the Moving Defendants filed the instant fully briefed motion to dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6). DE [46]. The County Defendants filed their Answer to the Amended Complaint on October 20, 2025 and do not seek dismissal. DE [40].

## II. LEGAL STANDARD

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1940 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1960 (2007)). A claim is considered plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at

1949. Nevertheless, a pleading "that offers only 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557, 127 S. Ct. at 1966).

In deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a court must 'accept all allegations in the complaint as true and draw all inferences in the non-moving party's favor.'" *U.S. ex rel. Siegel v. Roche Diagnostics Corp.*, 988 F. Supp. 2d 341, 343 (E.D.N.Y. 2013) (quoting *LaFaro v. N.Y. Cardiothoracic Grp.*, 570 F.3d 471, 475 (2d Cir. 2009)). "[T]hreadbare recitals of the elements of a cause of action," however, that are supported by "conclusory" statements and mere speculation are inadequate and subject to dismissal. *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation and citation omitted); *see Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

Relevant here, "[*p*]*ro se* complaints are held to less stringent standards than those drafted by attorneys, and [the court is] required to read the plaintiff's *pro se* complaint liberally, interpreting it as raising the strongest arguments it suggests." *Johnson v. Darby*, 142 F. Supp. 3d 275, 277 (E.D.N.Y. 2015). "To avoid dismissal, however, a *pro se* plaintiff's pleadings must go beyond mere '[c]onclusory allegations or legal conclusions masquerading as factual conclusions.'" *Kant v. Columbia Univ.*,

No. 08 Civ. 7476(PGG), 2010 WL 807442, at *2 (S.D.N.Y. Mar. 9, 2010) (quoting *Gebhardt v. Allspect, Inc.*, 96 F. Supp. 2d 331, 333 (S.D.N.Y.2000)).

## III. DISCUSSION

### A. Section 1983 Claims

In his first through fourth causes of action, Plaintiff re-asserts claims against the Moving Defendants for alleged constitutional violations pursuant to 42 U.S.C. § 1983. *See* Am. Compl. ¶¶ 36-44. As described in the Initial R&R, a claim for individual liability under 42 U.S.C. § 1983 may only be asserted against someone acting under the color of state law. *See Lansbury v. Massey*, No. 22-CV-6447(JMA)(ST), 2023 WL 266513, at *2 (E.D.N.Y. Jan. 18, 2023) ("[T]o state a plausible Section 1983 claim, a plaintiff must allege that the challenged conduct was committed by a person acting under color of state law."). A Section 1983 claim against a private actor "requires that the plaintiff demonstrate that the private actor 'acted in concert with the state actor to commit an unconstitutional act.'" *McGee v. Dunn*, No. 09 Civ. 6098(FPS), 2015 WL 9077386, at *5 (S.D.N.Y. Dec. 16, 2015) (quoting *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 324 (2d Cir. 2002)). Therefore, "[t]he plaintiff must show that the private actor and the state 'share some common goal to violate the plaintiff's rights.'" *Khan v. City of New York*, No. 14-CV-4665(SLT)(VMS), 2016 WL 1128298, at *4 (E.D.N.Y. Feb. 1, 2016) (quoting *Betts v. Shearman*, 751 F.3d 78, 85 (2d Cir. 2014)).

Plaintiff again fails to allege that the Moving Defendants were state actors or otherwise acting under the color of law. Tupper continues to assert that the Moving

Defendants are private actors, including that both Calderon and Alston were acting within the course and scope of their employment for NYU Langone. Am. Compl. ¶¶ 11-16. Although he alleges that the Moving Defendants acted in concert with the newly named County Defendants, Plaintiff's conclusory allegations are insufficient to support a cause of action. *See McGee*, 2015 WL 9077386, at *5; *Faison v. Maccarone*, No. 11-CV-137(JFB)(ETB), 2012 WL 681812, at *14 (E.D.N.Y. Mar. 1, 2012) ("The need to guard against the use of conclusory allegations of conspiracy in the context of Section 1983 lawsuits against private actors is particularly compelling."). Plaintiff still fails to allege any facts supporting an inference that the Moving Defendants, as private actors, shared a common goal or acted in concert with a state actor to violate his rights.

In fact, and for the reasons described in the Initial R&R, Tupper's allegations continue to belie the notion that the Moving Defendants acted in concert with a state actor, as the actions that form the bases of his Section 1983 claims occurred prior to any involvement or response by the NCPD. *LoCurto v. NYU Langone Lutheran Hosp.*, 758 F. Supp. 3d 31, 37 (E.D.N.Y. 2024) (granting motion to dismiss because "NYU Langone is a private hospital, and '[a] private hospital is generally not considered a state [actor] (for section 1983 actions) . . . .'") (quoting *Anthony v. Med. Staff at Inst.*, 409 F. Supp. 3d 102, 105 (E.D.N.Y. 2016)). Nor does merely providing information to someone acting under the color of law render an individual a state actor. *Khan*, 2016 WL 1128298, at *5 (holding that "giving false statements to state actors with the intention of having [the plaintiff] arrested" did not amount to

concerted action between a private actor and state actor); *McGee*, 2015 WL 9077386, at *5 ("Merely providing conclusory allegations that a private actor 'acted in concert with a state actor . . . does not suffice to state a § 1983 claim' against the private actor.") (quoting *Ciambriello*, 292 F.3d at 324); *Baez v. JetBlue Airways,* 745 F. Supp. 2d 214, 221 (E.D.N.Y. 2010) (holding that "providing false information to the police does not make a private individual . . . a state actor and liable under § 1983") (internal quotation omitted). Accordingly, the Court respectfully recommends that the Moving Defendants' motion to dismiss be granted with respect to Plaintiff's claims arising under Section 1983.

**B. Federal Discrimination Claim Under the ADA**[5]

In his remaining federal law claim, Plaintiff asserts that Defendants violated his rights arising under the ADA by failing to accommodate an alleged disability. Am. Compl. ¶¶ 42-71. To state an ADA failure-to-accommodate claim, "the plaintiff must allege facts showing '(1) that [he] is disabled within the meaning of the ADA; (2) that defendants own, lease, or operate a place of public accommodation; and (3) that defendants discriminated against [him] by denying [him] a full and equal opportunity to enjoy the services defendants provide.'" *Ibrahim v. Pena*, No. 16-CV-7774(VEC), 2017 WL 3601246, at *2 (S.D.N.Y. Aug. 21, 2017) (citing *Camarillo v. Carrols Corp.*, 518 F.3d 153, 156 (2d Cir. 2008)). In the failure-to-accommodate context, the plaintiff must assert that he requested an accommodation that the

[5] Plaintiff has abandoned his Title VI claim but still asserts a claim against the Moving Defendants arising under the ADA. Am. Compl. ¶¶ 45-48.

defendants refused. *Freckleton v. Mercy Coll. N.Y.*, No. 22-CV-1985(KMK), 2023 WL 2648827, at *9 (S.D.N.Y. Mar. 27, 2023) (citing *Getso v. City Univ. of N.Y.*, No. 08-CV-7469(LAP), 2009 WL 4042848, at *4 (S.D.N.Y. Nov. 18, 2009)).

In his Amended Complaint, Tupper again fails to state a cause of action arising under the ADA. Initially, although he alleges in conclusory fashion that he "is a qualified individual with a disability as defined under the ADA," *see* Am. Compl. ¶ 46, and that he has a "lung condition," *id.* at ¶ 16, he does not state the nature or extent of any such condition or whether it constitutes a disability. Such conclusory allegations are insufficient to state a cause of action. *See Schenk v. Citibank/Citigroup/Citicorp*, No. 10 Civ. 5056(SAS), 2010 WL 5094360, at *3 (S.D.N.Y. Dec. 9, 2010) (dismissing ADA claim where the plaintiff "fail[ed] to state what disability she ha[d], and her conclusory statement that she is 'disabled/homebound' [was] insufficient").

Moreover, Tupper still fails to identify any specific accommodation that he requested or that Defendants refused to provide. Even accepting that Tupper informed Alston of an unspecified "lung condition," *see* Am. Compl. ¶ 16, his request that Alston not take him to the ground is not an "accommodation" as contemplated by the ADA. *Brooklyn Ctr. for Indep. of the Disabled v. Met. Transp. Auth.*, 11 F.4th 55, 62 (2d Cir. 2021) ("An 'accommodation must overcome structural impediments and non-trivial temporal delays that limit access to programs, services, and activities.'") (quoting *Wright v. N.Y. Dep't of Corr.*, 831 F.3d 64, 73 (2d Cir. 2016)); *Getso*, 2009 WL 4042848, at *4 (granting motion to dismiss ADA claim where the

plaintiff failed to set forth allegations regarding the purported request for accommodation). To this end, Plaintiff's reliance on *Roberts v. Royal Atl. Corp.*, 542 F.3d 363 (2d Cir. 2008), *see* Plaintiff's Opposition to Motion to Dismiss ("Pl.'s Opp'n"), DE [47], ¶ 2, is misplaced as the plaintiffs in *Roberts* were unable to use certain areas of the defendant's property as a result of their disabilities. Tupper does not allege that the Moving Defendants failed to accommodate his alleged lung condition such that he was denied access to any area in the hospital. Accordingly, Tupper fails to state a claim arising under the ADA and the Court respectfully recommends that Defendants' motion be granted with respect to this cause of action.[6]

### C. Supplemental Jurisdiction Over Plaintiff's State Law Claims

Plaintiff again asserts various claims against the Moving Defendants arising under New York state law. Am. Compl. ¶¶ 55-109. Pursuant to 28 U.S.C. § 1367, federal courts "shall have supplemental jurisdiction over all other claims that are so related" to claims over which the court has original jurisdiction. 28 U.S.C. § 1367(a). Nevertheless, "[a] district court may decline to exercise supplemental jurisdiction [over] state law claims when it 'has dismissed all claims over which it has original jurisdiction.'" *Fan*, 2025 WL 743866, at *5 (quoting 28 U.S.C. § 1367(c)(3)); *Block v. City Univ. of N.Y.*, No. 23-CV-7715(NGG)(VMS), 2025 WL 1114738, at *7 (E.D.N.Y. Apr. 15, 2025) ("[T]he Second Circuit has 'generally held that where all the federal

---

[6] Tupper asserts a claim for violation of the Federal Hate Crimes Prevention Act, 18 U.S.C. § 249, against all Defendants. Am. Compl. ¶¶ 64-71. In his opposition to the instant motion, Plaintiff concedes that claims that are criminal in nature are not viable. *See* Pl.'s Opp'n ¶ 12. Accordingly, the Court recommends that it be dismissed. *See Fan v. 18th Police Precinct*, No. 24-CV-8910(LTS), 2025 WL 743866, at *4 (S.D.N.Y. Mar. 6, 2025) ("Plaintiff cannot assert a claim under the Hate Crimes Prevention Action . . . because it does not provide a private right of action for a civil suit . . . .").

claims have been dismissed at a relatively early stage, the district court should decline to exercise supplemental jurisdiction . . . '") (quoting *Astra Media Grp., LLC v. Clear Channel Taxi Media, LLC*, 414 F. App'x 334, 337 (2d Cir. 2011)). Courts regularly decline to exercise supplemental jurisdiction over state law claims that are in the early stages of proceedings. *See, e.g.*, *Haczynska v. Mt. Sinai Health Sys., Inc.*, 738 F. Supp. 3d 300, 324 (E.D.N.Y. June 26, 2024) ("Having dismissed all of Plaintiffs' claims over which the Court has original jurisdiction, declining to exercise supplemental jurisdiction over the state-law and city-law claims is appropriate at this early stage of the litigation, and the Court accordingly dismisses without prejudice Plaintiffs' state law and city law claims.") (internal quotation omitted); *Bobadilla v. N.Y.C. Health & Hosps. Corp.*, No. 22-CV-10594(JGK), 2023 WL 7280478, at *6 (S.D.N.Y. Nov. 3, 2023) (declining to exercise supplemental jurisdiction over state law claims after dismissing all federal claims).

Considering the early stage of the proceedings, as well as the recommendation that Plaintiff's federal claims be dismissed, the Court further recommends that the District Court decline to exercise supplemental jurisdiction over Plaintiff's remaining New York state law claims without prejudice.

### D. Leave To Amend

In his opposition, Plaintiff seeks leave to further amend his Amended Complaint as against the Moving Defendants. *See* Pl.'s Opp'n at 7. Tupper has been afforded one opportunity to amend his pleading, which resulted in him alleging substantially similar facts regarding the Moving Defendants. Nevertheless, given his

*pro se* status, the Court recommends that he be granted one last opportunity to file a second amended complaint. *See Woodson v. Nassau Cnty.*, No. 24-CV-7580(JMA)(LGD), 2025 WL 1456588, at *5 (E.D.N.Y. May 21, 2025) ("Given Plaintiff's *pro se* status, the Court grants him leave to file a second amended complaint . . . ."); *Jackson v. Destiny's Child*, No. 23 Civ. 10507(LTS), 2024 WL 218058, at *6 (S.D.N.Y. Jan. 19, 2024) (granting the *pro se* plaintiff leave to file a second amended complaint where the court dismissed federal claims and declined to retain supplemental jurisdiction over state law claims). Accordingly, the Court recommends that Tupper be granted leave to file a second amended complaint against the Moving Defendants.

## IV. CONCLUSION

For the reasons set forth herein, the Court respectfully recommends that the Moving Defendants' motion to dismiss be granted in its entirety. The Court further recommends that Plaintiff be granted leave to file a second amended complaint with respect to the Moving Defendants consistent with this Report and Recommendation.

## V. OBJECTIONS

A copy of this Report and Recommendation is being served on Defendants via electronic filing on the date below. Defendants are instructed to immediately serve a copy of the Report and Recommendation on Plaintiff and file proof of service via ECF. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen days of service. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72; Fed. R. Civ. P. 6(a) and 6(d). Failure to file objections within this period waives

the right to appeal the District Court's Order. *See Ferrer v. Woliver*, No. 05-CV-3696, 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
August 3, 2026

/s/ Steven I. Locke
STEVEN I. LOCKE
United States Magistrate Judge